UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NLG, LLC

      *Plaintiff*

  v.

ELIZABETH HAZAN;
UNKNOWN SPOUSE OF
ELIZABETH HAZAN; 6913
VALENCIA, LLC,; FISHER
ISLAND COMMUNITY
ASSOCIATION, INC.; &
VALENCIA ESTATES
HOMEOWNERS ASSOCIATION,
INC.

      *Defendants*

CASE NO:

**COMPLAINT**

## VERIFIED COMPLAINT

Plaintiff NLG, LLC by and through its undersigned counsel, files this lawsuit for foreclosure against the above named Defendants and in support states as follows:

1. This is an action at law and in equity to enforce a promissory note and settlement agreement and to foreclose a mortgage on real property located in Miami-Dade County, Florida.

## THE PARTIES

2. Plaintiff NLG, LLC ("NLG") is a Delaware limited liability company with its principal place of business in Pennsylvania. The members of

1

       NLG are domiciled in and citizens of Nevis for purposes of diversity jurisdiction.

3. Defendant Elizabeth Hazan ("Hazan") is an individual domiciled in and a citizen of the state of Florida.

4. Defendant 6913 Valencia, LLC is a Florida limited liability company with its principal place of business in Florida. The sole member of 6913 Valencia is Clotilde Edery, a citizen of Canada.

5. Defendant Fisher Island Community Association, Inc. is a Florida non-profit corporation with its principal place of business in Florida.

6. Defendant Valencia Estates Homeowner's Association, Inc., is a Florida non-profit corporation with its principal place of business in Florida.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a)(1) in that there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

8. Venue is proper under 28 U.S.C. § 1391(b) as Defendants reside in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District and the real property that is the subject of this action is located in this District.

9. Personal jurisdiction exists and is proper as the Defendants reside in Florida and/or claim ownership interests in the real property forming the basis of this action.

## FACTUAL ALLEGATIONS

10. The real property forming the basis of this action is described as follows:

    Lot 7, Block 2 of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County.

    Address: 6913 Valencia Drive, Fisher Island, FL 33109

11. On or about March 8, 2007, NLG, in which title was then vested, conveyed the Property to Defendant Hazan, per a warranty deed recorded on March 14, 2007 in the Miami-Dade Official Records Book 25450, Pages 2833-2834 and attached hereto as Exhibit A.

12. On or about March 8, 2007, Defendant Hazan executed and delivered a promissory note to Plaintiff for $1,275,000.00, for which the Property was secured as collateral per a purchase money mortgage recorded on April 24, 2007 in the Miami-Dade Official Records Book 25559, Pages 4266-4272 and attached hereto as Exhibit B.

13. Plaintiff is the current owner of and has the right to enforce the Note and Mortgage.

## COUNT I: FORECLOSURE OF REAL PROPERTY

14. The foregoing allegations are incorporated herein by reference.

15. Plaintiff is the originator, servicer, holder and owner of the NLG Mortgage and has standing to enforce same against the Defendants.

16. Defendant Hazan failed to make scheduled installment payments under the Mortgage, in which she is in default and owes $3,736,802.26.

17. Defendant Hazan was to have paid the entire amount due under the Note and Mortgage on or before September 10, 2008. Accordingly, the entire amount has been due and owing since September 20, 2008.

18. In June 2007, Plaintiff filed a separate action against Hazan under the Note and was awarded a final judgment ("the Judgment").

19. Following the entry of that judgment, Plaintiff and Defendant Hazan entered a settlement agreement dated October 27, 2008 ("the Settlement Agreement") attached hereto as Exhibit C.

20. The Settlement Agreement provided a new repayment schedule for the monies owed by Defendant Hazan to Plaintiff.

21. Pursuant to the terms of the Settlement Agreement, in the event Defendant Hazan defaulted under the terms of the Settlement Agreement, the Note, Mortgage and Judgment would all remain in full force and effect until paid or satisfied.

22. Defendant Hazan made only three payments under the Settlement Agreement.

23. The last payment Defendant Hazan made under the Settlement Agreement was on January 27, 2009.

24. Defendant Hazan failed to make the payments due under the Settlement Agreement on February 27, 2013, March 27, 2013 and April 26, 2013.

25. As a result, the Note, Mortgage, and Settlement Agreement remain unsatisfied and Defendant Hazan remains in default.

26. Defendant Hazan has defaulted under the terms of the Note and Mortgage in one or more of the following respects:

    a. Failing to make the appropriate monthly payments to NLG under the terms of the Note, Mortgage and Settlement Agreement on February 27, 2013, March 27, 2013 and April 26, 2013.

    b. Failing to maintain insurance on the Property;

    c. Failing to make payments to the first mortgage holder, JP Morgan Chase;

    d. Failing to make payments to the homeowner's associations, Fisher Island Community Association and Valencia Estates Homeowner's Association;

    e. Further encumbering the property with a $2 million mortgage from 6913 Valencia, LLC, a company owned by Defendant Hazan's mother, Clotilde Edery.

27. As a result of such defaults, Plaintiff has declared a default and provided Defendant Hazan with notices of default dated February 28, 2013, March 1, 2013 and April 26, 2013, attached hereto as Exhibit D.

28. All conditions precedent to the filing of this action have been performed, have occurred or have been waived.

**WHEREFORE,** Plaintiff respectfully requests (1) the Court ascertain the amount due Plaintiff pursuant to the Note and Mortgage, together with late charges, interest, and the costs of this proceeding (2) if that sum is not immediately paid, the Court enter a judgment of foreclosure ordering the sale of the Property to satisfy the Mortgage (3) that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereafter made a Defendant be forever barred and foreclosed (4) and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency decree, when and if such deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy.

Dated: June 19, 2013                                    Respectfully submitted,

By: s/ *Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No. 83613
jpollard@pollardllc.com
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594-5731

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| NLG, LLC<br><br>*Plaintiff*<br><br>v.<br><br>ELIZABETH HAZAN;<br>UNKNOWN SPOUSE OF<br>ELIZABETH HAZAN; 6913<br>VALENCIA, LLC,; FISHER<br>ISLAND COMMUNITY<br>ASSOCIATION, INC.; &<br>VALENCIA ESTATES<br>HOMEOWNERS ASSOCIATION,<br>INC.<br><br>*Defendants* | CASE NO: |

## FLA. R. CIV. P. 1.110(b) VERIFICATION

### STATE OF FLORIDA - COUNTY OF MIAMI-DADE

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared CHRIS KOSACHUK, who, being first duly sworn, hereby deposes and states as follows:

1. I am the Manager for NLG, LLC, the Plaintiff in the above entitled action.
2. Under penalty of perjury of the laws of the State of Florida and the United States of America, I declare that I have read the foregoing complaint, and the facts alleged therein are true and correct to the best of my knowledge and belief.

_____
Chris Kosachuk

_____
Notary Public
State of Pennsylvania
My Commission No.:
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Joseph Johnson - Notary Public
West Chester Boro., Chester County
MY COMMISSION EXPIRES NOV. 16, 2013